**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHELLE BUMGARNER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JASON NEAL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1209-CR-449 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Rebekah Pierson-Treacy, Judge
The Honorable Shatrese M. Flowers, Commissioner
Cause No. 49F19-1112-CM-88304

**April 8, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Jason Neal ("Neal") was convicted after a bench trial of Operating a Vehicle with a Blood Alcohol Concentration ("BAC") of at least .15 as a Class A misdemeanor.[1] Neal raises for review the single issue of whether the State presented sufficient evidence to support his conviction.

We affirm.

**Facts and Procedural History**

On December 17, 2011 at approximately 12:49 a.m., Officer Marlin Sechrist ("Officer Sechrist") of the Indianapolis Metropolitan Police Department was dispatched to 2400 North Tibbs Avenue in Indianapolis. Arriving two to three minutes later, he found Neal's blue Mazda in a parking lot straddled horizontally across two handicapped parking spots near the main entrance of a facility located at the address. Neal was either asleep or passed out in the driver's seat. The Mazda's engine was running, and its manual transmission was in neutral.

Officer Sechrist opened the Mazda's driver's side door and roused Neal. Officer Sechrist immediately noticed signs of intoxication. A strong smell of alcohol came from the car when he opened the door. Neal's speech was slurred and was very hard to understand. His eyes were red and bloodshot. A large, mostly empty bottle of vodka was on the passenger side rear floorboard of the Mazda. Officer Sechrist administered a field sobriety test, which Neal failed. Officer Sechrist then transported Neal to a facility to administer a chemical breath test. The test concluded at 1:30 a.m., and the results indicated that Neal had

---

[1] Ind. Code § 9-30-5-1(b).

a BAC of .32.

On December 19, 2011, the State charged Neal with (i) Operating While Intoxicated, as a Class A misdemeanor[2], (ii) Operating a Motor Vehicle with a BAC of at least .15, as a Class A misdemeanor[3], and (iii) Operating Between a BAC of .08 and .14, as a Class C misdemeanor[4]. At the conclusion of a bench trial, the trial court found Neal guilty of Operating a Vehicle with a BAC of .15 or higher. The court sentenced Neal to 545 days in the Marion County Jail and fined him $75.00 plus court costs. Neal now appeals.

**Discussion and Decision**

Our standard of review for challenges to the sufficiency of the evidence is well settled.

> When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. Henley v. State, 881 N.E.2d 639, 652 (Ind. 2008). We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence. *Id.* We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. *Id.*

Bailey v. State, 907 N.E.2d 1003, 1005 (Ind. 2009).

To convict Neal of Operating a Vehicle with a BAC of at least .15 as charged, the State needed to prove beyond a reasonable doubt that he operated a vehicle on or about December 17, 2011 and that his BAC was at least .15 while operating the vehicle.

The evidence in support of the conviction is as follows: Officer Sechrist testified that when he responded to the dispatch, he saw a blue Mazda parked across two handicapped

---

[2] I.C. § 9-30-5-2.

[3] I.C. § 9-30-5-1(b).

[4] I.C. § 9-30-5-1(a).

parking spots in front of a main entrance to a building. Neal was asleep or passed out in the driver's seat. The car smelled strongly of alcohol, and there was a nearly empty liter bottle of Vodka in the back seat area. Neal's speech was slurred and he "was very, very difficult" to understand. Tr. 12. His eyes were bloodshot and red. In terms of impairment, Officer Sechrist stated that Neal's case was "one of the worst ones [Officer Sechrist] [had] ever deal[t] with." Tr. 38-39. Neal admitted to Officer Sechrist that he had been drinking all day and that he had left his home in New Whiteland around 11:00 p.m. on December 16, 2011.

Neal argues that the State's evidence is insufficient because sitting in a parked car with its motor running is not operating a vehicle within the meaning of the statute and that there was no direct evidence presented that proved that Neal drove the car while intoxicated. He disregards Officer Sechrist's testimony and points to his own testimony that he arrived at the North Tibbs address right after sundown and began drinking after arrival. He contends that the State's evidence is mere speculation on which no conviction could rest.

Neal's arguments essentially challenge the credibility and weight ascribed to the evidence by the trial court. We, however, do not reweigh evidence nor judge witness credibility. Rather, we consider only the evidence that supports the judgment and reasonable inferences drawn therefrom. Here, Neal admitted that he had been drinking all day. He also admitted that he left home around 11:00 p.m. He testified that he "did not recall how [he] parked." Tr. 68. Neal's admissions and testimony combined with the manner in which his car was situated, his condition when Officer Sechrist arrived at the scene, and his high level of intoxication could lead a reasonable trier of fact to find that Neal drove while intoxicated.

4

**Conclusion**

Officer Sechrist's testimony offers substantial evidence of probative value which would allow a reasonable trier of fact to conclude that Neal was guilty beyond a reasonable doubt of Operating a Vehicle with a BAC of at least .15.

Affirmed.

NAJAM, J., and BARNES, J., concur.